UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Ricky J. Johnson**, | ) | C/A No. 6:06-2261-HFF-WMC |
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| **State of South Carolina,** | ) | |
| Respondent. | ) | |

A *pro se* Petition for Writ of Habeas Corpus has been submitted to the Court from a Greenville County pre-trial detainee[1] Petitioner is incarcerated at the Greenville County Detention Center, pending trial on several criminal charges. In the Petition filed in this case,[2] he contends that his federal and state constitutional rights are being violated by his continuing incarceration due to alleged irregularities in Greenville County law enforcement and judicial processes. In this regard, Petitioner alleges that the warrants issued for his arrest were not properly prepared, executed, and/or filed, and that the warrants and the court proceedings in his case to date have not fully complied with South Carolina state statutes and procedural rules. Although it does appear from the exhibits submitted by Petitioner that he has

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Although the Petition is captioned as if it were prepared for filing with the Greenville County Court of General Sessions, there is no file or date stamp indicating that it was actually filed with that court. Instead, it appears that the Petition was mailed by Petitioner to a federal circuit court of appeals judge who, in response to Petitioner's request for assistance, transmitted it to this Court for filing.

made attempts to bring his contentions to the attention of several South Carolina state officials, there is nothing in the Petition indicating that Petitioner or his appointed counsel have formally presented Petitioner's contentions to any Greenville County trial court outside of the Magistrate Court or that any South Carolina appellate court has considered them on the merits in any way.³  Until the state courts of South Carolina have had a full opportunity to consider and rule on the Petitioner's allegations, his Petition is subject to summary dismissal by this Court.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is

---

³ It appears from the exhibits to the Petition that Petitioner attempted to file an invalid interlocutory appeal from the Greenville County Magistrate Judge's refusal to dismiss the charges against him with the South Carolina Supreme Court.  However, it is clear that the court did not consider the merits of his claims, and the court dismissed his "notice of appeal" on clearly procedural grounds.  Entry 1-3, at 2.

charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## Discussion

Since Petitioner is a pre-trial detainee, his exclusive federal remedy for his allegedly unconstitutional confinement is to file a petition under 28 U.S.C. § 2241(c)(3), *after* he fully exhausts his state remedies. As a result, the undersigned is treating the Petition in this case as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(3). Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have consistently held that exhaustion is necessary under § 2241, just as it is necessary under § 2254. See, *e.g.*, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state-court remedies before seeking federal habeas

corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980); *see* Neville v. Cavanagh, 611 F.2d 673 (7th Cir. 1979); *see also* Perez v. Ledesma, 401 U.S. 82, 84-85 (1971)("propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals" and federal courts should not intervene to short-cut the state criminal process in absence of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.").

Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *See* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In Bonner, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to

try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

If Petitioner is ultimately tried, convicted, and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. State v. Ard, 332 S.C. 370, 505 S.E.2d 328 (1998). If his direct appeal is unsuccessful, he can file an application for post-conviction relief. S. C. Code Ann. § 17-27-10, *et seq.*. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. S.C. Code Ann. § 17-27-100; Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). It is well settled that a direct appeal is a viable state-court remedy. Castille v. Peoples, 489 U.S. 346, 349-52 (1989). Also, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at section 17-27-10 *et seq*. of the South Carolina Code, is also a viable state-court remedy. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 (4th Cir. 1977). Since Petitioner has not yet been tried or sentenced and has yet to exhaust at least two viable state-court remedies — a direct appeal and (if necessary) an application for post-conviction relief, this Court should not keep this case on its docket while Petitioner is exhausting his state-court remedies. Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may

5

not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## Recommendation

Accordingly, it is recommended that the Petition in this case be dismissed *without prejudice* and *without requiring Respondent to file a return*. See 28 U.S.C. § 1915(e)(2)(B)(i); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the notice on the following page.

s/William M. Catoe
United States Magistrate Judge

August 23, 2006
Greenville, South Carolina

6

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**